**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 13, 2022

Derek Benjamin Brett
The Burnside Law Group
202 BROWNLOW AVE STE 400
DARTMOUTH, NOVA SCOTIA, B3B1T5
CANADA

Andrew Brian Phillips
A. Brian Phillips, PA
912 HIGHLAND AVE
ORLANDO, FL 32803

Appeal Number: 22-11072-CC
Case Style: Soul Quest Church of Mother Earth, Inc., et al v. Attorney General of the United States, et al
District Court Docket No: 6:20-cv-00701-WWB-DCI

Please use the appeal number for all filings in this court.

<u>Electronic Filing</u>
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. <u>Although not required</u>, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

<u>Briefing</u>
Pursuant to 11th Cir. R. 31-1, the appellant's brief is due on or before <u>May 16, 2022</u>. The appendix is due 7 days after the appellant's brief is filed. An incarcerated pro se party is not required to file an appendix.

The appellee's brief is due within 30 days after the service of the last appellant's brief. The appellant's reply brief, if any, is due within 21 days after the service of the last appellee's brief. This is the only notice you will receive regarding the due date for briefs and appendices.

Please see FRAP 32(a) and the corresponding circuit rules for information on the form of briefs and FRAP 32(b) and 11th Cir. Rules 30-1 and 30-2 for information on the form of appendices.

(In cross-appeals pursuant to Fed.R.App.P. 28.1(b), the party who first files a notice of appeal is the appellant unless the parties otherwise agree.)

Certificate of Interested Persons and Corporate Disclosure Statement ("CIP")
Every motion, petition, brief, answer, response, and reply must contain a CIP. See FRAP 26.1; 11th Cir. R. 26.1-1. In addition:

- Appellants/Petitioners must file a CIP within 14 days after this letter's date.
- Appellees/Respondents/Intervenors/Other Parties must file a CIP within 28 days after this letter's date, regardless of whether Appellants/Petitioners have filed a CIP.
- Only parties represented by counsel must complete the web-based CIP. Counsel must complete the web-based CIP, through the Web-Based CIP link on the Court's website, on the same day the CIP is first filed.

The failure to comply with 11th Cir. Rules 26.1-1 through 26.1-4 may result in dismissal of the case or appeal under 11th Cir. R. 42-1(b), no action taken on deficient documents, or other sanctions on counsel, the party, or both. See 11th Cir. R. 26.1-5(c).

Civil Appeal Statement
Appellants and Cross-Appellants must file a Civil Appeal Statement, which is available on the Court's website, within 14 days after this letter's date. See 11th Cir. R. 33-1(a).

Attorney Admissions
Attorneys who wish to participate in this appeal must be properly admitted either to the bar of this court or for this particular proceeding, See 11th Cir. R. 46-1; 46-3; 46-4. In addition, all attorneys (except court-appointed attorneys) who wish to participate in this appeal must file an appearance form within fourteen (14) days after this letter's date. The Application for Admission to the Bar and Appearance of Counsel Form are available on the Court's website. **The clerk generally may not process filings from an attorney until that attorney files an appearance form.** See 11th Cir. R. 46-6(b).

Attorneys must file briefs electronically using the ECF system. Use of ECF does not modify the requirements of the circuit rules that counsel must also provide four (4) paper copies of a brief to the court, nor does it modify the requirements of the circuit rules for the filing of appendices in a particular case.

Obligation to Notify Court of Change of Addresses
Each pro se party and attorney has a continuing obligation to notify this court of any changes to the party's or attorney's addresses during the pendency of the case in which the party or attorney is participating. See 11th Cir. R. 25-7.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Carol Lewis, CC
Phone #: (404) 335-6179

DKT-7CIV Civil Early Briefing