# A. BRIAN PHILLIPS, P.A.



912 HIGHLAND AVENUE
ORLANDO, FLORIDA 32803
TELEPHONE: (407) 872-0777
TELECOPIER: (407) 872-0704
PHILLIPS-LAW-FIRM.COM

July 5, 2022

Via E-Filing | Original to Follow via Certified Mail: 7021 2720 0002 9743 7940 | RRR

Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth Street N.W.
Atlanta, Georgia 30303

  re: Soul Quest Church of Mother Earth, Inc., *et al.* v. US Drug Enforcement Admin., *et al*,
    Appeal No. 22-11072                 (11th Cir.)

To Whom It May Concern:

  Pursuant to Fed.R.App.P. 28(j) the undersigned counsel hereby advises the Clerk of a pertinent and significant recent Supreme Court decision in the matter of W. Virginia v. Envtl. Prot. Agency, 20-1530, 2022 WL 2347278, (U.S. Feb. 28, 2022). Specifically, the Court stated that the EPA was not given an express delegation of authority from Congress to create its own regulatory scheme. The Court applied the 'major questions doctrine' and stated as follows:

> *Under this body of law, known as the major questions doctrine, given both separation of powers principles and a practical understanding of legislative intent, the agency must point to "clear congressional authorization" for the authority it claims.*

Id., at *3.

Justice Gorsuch continues in a concurring opinion, stating that:

> *When Congress seems slow to solve problems, it may be only natural that those in the Executive Branch might seek to take matters into their own hands. But the Constitution does not authorize agencies to use pen-and-phone regulations as substitutes for laws passed by the people's representatives. In our Republic, "[i]t is the peculiar province of the legislature to prescribe general rules for the government of society." Fletcher v. Peck, 6 Cranch 87, 136, 3 L.Ed. 162 (1810). Because today's decision helps safeguard that foundational constitutional promise, I am pleased to concur.*

Id., at *27.

  Such a decision is highly relevant and applicable to the above-referenced appeal. Appellants' argument that the DEA created a 'regulatory scheme' to receive and issue decisions on petitions for religious exemption without a clear delegation from Congress to do so [Brief of Appellants, Legal Argument § D, p. 26-30] is further encapsulated by the Court's decision in W. Virginia v. Envtl. Prot. Agency. As a result, the undersigned would like to call the clerk's attention to this significant decision.

 If you have any questions or concerns, please do not hesitate to contact me at the address or telephone number listed above.

Sincerely,

A. Brian Phillips, Esq.
A. Brian Phillips, P.A.
For the Firm

ABP/gth

Enclosures

cc: Lowell V. Sturgill, Jr., Lowell.Sturgill@usdoj.gov