# A. BRIAN PHILLIPS, P.A. 
912 HIGHLAND AVENUE
ORLANDO, FLORIDA 32803
TELEPHONE: (407) 872-0777
TELECOPIER: (407) 872-0704
PHILLIPS-LAW-FIRM.COM

April 18, 2023

Via E-Filing | Original to Follow via Certified Mail: 7021 2720 0002 9744 0193 | RRR

Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth Street N.W.
Atlanta, Georgia 30303

    re:    Soul Quest Church of Mother Earth, Inc., *et al.* v. US Drug Enforcement Admin., *et al*,
           Appeal No. 22-11072                                                                              (11th Cir.)

To Whom It May Concern:

    Pursuant to Fed.R.App.P. 28(j) the undersigned counsel advises the Clerk of a pertinent, recent jurisprudence from the Supreme Court. The Appellants seek not to assert new arguments, but rather to provide "pertinent and significant legal authority" that comes to their attention "after oral argument but before decision ...." Hernandez Lara v. Barr, 962 F.3d 45, 52 (1st Cir. 2020). As used herein, supplementing the record is not limited to case jurisprudence but can simply "[inform] the court of important developments in related court proceedings (about which [the court] may take judicial notice), so long as those developments have a direct relation to the matters at issue." Loughran v. Wells Fargo Bank, N.A., 2 F.4th 640, 652 (7th Cir. 2021) (internal citations omitted).

    In Axon Enterprise, Inc. v. FTC, 598 U.S. \_\_\_\_ (2023), Case No.: CV-22-01004-PHX-SRB, (Dk. 23, at p. 10-11) (hereinafter, "Axon"), the Supreme Court confirmed that parties with constitutional challenges to administrative proceedings before federal agencies were required to adhere to administrative process, followed by challenges before the federal appellate courts, (carrying a deferential standard of review limited to the record produced by the agency).

    Rather, such litigants were able to proceed directly to district court to challenge up-front such proceedings. The Axon case addressed other federal administrative schemes, lacking the direct path to the district courts already outlined by Congress under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq.* (hereinafter, "RFRA"). Notwithstanding, Axon provides further context on the framework for critical factors to determining when litigants can proceed directly through district courts. One notable factor, pertinent to the case-at-bar, is whether the claim is "outside of the agency's expertise," as argued by the Appellants.

   Another notable factor applicable to the current proceedings is whether or not forcing a party into the standard administrative process would "foreclose … meaningful judicial review." As noted by unanimous Axon Court, not allowing the direct path to district courts culminates with no remedy at all for a "claim … about subjection to an illegitimate proceeding, led by an illegitimate decisionmaker. … A proceeding that has already happened cannot be undone.".

      Sincerely,

Derek Brett, Esq.     A. Brian Phillips, Esq.
Burnside Law Group    A. Brian Phillips, P.A.
Lead Counsel      Local Counsel

Enclosure

cc: Lowell V. Sturgill, Jr., Lowell.Sturgill@usdoj.gov