# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| SOUL QUEST CHURCH OF MOTHER EARTH, INC., *et al.*, | ) ) ) ) |
| Petitioners, | ) ) |
| v. | ) No. 22-11072 ) |
| U.S. DRUG ENFORCEMENT ADMINISTRATION, *et al.*, | ) ) ) ) |
| Respondents. | ) ) ) |

## RESPONSE TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY LETTER

Mark Stern
 (202) 514-5089
Lowell V. Sturgill Jr.
 (202) 514-3427
 *Attorneys, Civil Division*
 *Appellate Staff, Room 7257*
 *U.S. Department of Justice*
 *950 Pennsylvania Avenue, N.W.*
 *Washington, D.C. 20530*

*SOUL QUEST CHURCH OF MOTHER EARTH, INC. ET AL. V. ATTORNEY GENERAL OF THE UNITED STATES, ET AL.*, **NO. 22-11072 (11TH CIR.)**

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for respondents Attorney General of the United States and Administrator, U.S. Drug Enforcement Administration hereby certify that the following have an interest in the outcome of this appeal:

Soul Quest Church of Mother Earth, Inc. (plaintiff-appellant)

Young, Christopher (plaintiff-appellant)

U.S. Attorney General (defendant-appellee)

Administrator, U.S. Drug Enforcement Administration (defendant-appellee)

Brett, Derek Benjamin (counsel for plaintiff-appellant)

The Burnside Law Group (plaintiff's counsel's law firm)

Phillips, Andrew Brian (counsel for plaintiff-appellant)

A. Brian Phillips PA (plaintiff counsel's law firm)

Sturgill Jr., Lowell V. (counsel for defendants-appellees)

Stern, Mark B. (counsel for defendants-appellees)

Harris, Julie Strauss (counsel for defendants-appellees)

Hancock, Kevin P. (counsel for defendants-appellees)

Gaffney, Michael James (counsel for defendants-appellees)

United States Department of Justice

    Submitted this 6th day of May, 2022.

                                                s/s Lowell V. Sturgill Jr.
                                                Lowell V. Sturgill Jr.
                                                  202-514-3427
                                                    *Attorney, Civil Division*
                                                   *Appellate Staff, Room 7241*
                                                   *U.S. Department of Justice*
                                                   *950 Pennsylvania Avenue, N.W.*
                                                   *Washington, D.C. 20530*
                                                   *Counsel for Respondents*



**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7527
Washington, DC 20530

Tel: (202) 514-3427

April 25, 2023

David J. Smith
Clerk, United States Court of Appeals
 for the Eleventh Circuit
56 Forsyth Street N.W.
Atlanta, GA 30303

> Re: *Soul Quest Church of Mother Earth, Inc. v. US Drug Enforcement Admin.*, No. 22-11072 (11th Cir.)

Dear Mr. Smith:

This letter responds to plaintiffs' letter discussing *Axon Enterprise, Inc. v. Federal Trade Comm'n*, Nos. 21-86 & 21-1239 (S. Ct. 2023).

*Axon Enterprise* concerned statutes that provide for review of FTC and SEC decisions in the courts of appeals. The Supreme Court held that those statutes did not bar respondents from filing suit to enjoin FTC and SEC administrative enforcement actions against them. Respondents alleged that "some fundamental aspect of the [agencies'] structure violates the Constitution," and "made the entire proceeding unlawful." Slip op. at *4; *see id.* at *5 (noting respondents' arguments that FTC and SEC administrative law judges cannot constitutionally exercise power because they are protected against removal by the President).

*Axon Enterprise* is inapposite. By alleging "that an agency is wielding authority unconstitutionally in all or a broad swath of its work," respondents there challenged "the structure or very existence of an agency." Slip op. at *4. Soul Quest challenges neither DEA's "very existence" nor "a broad swath of its work." Instead, Soul Quest questions only whether DEA lawfully denied the religious-exemption request Soul Quest itself submitted to DEA, and pursued to completion even after Soul Quest filed this civil action.

1

To hold that the courts of appeals have exclusive jurisdiction to review DEA's denial of Soul Quest's exemption request would not deny meaningful judicial review of DEA's decision. The complaint asserts that DEA acted unconstitutionally by "adjudicating [p]laintiffs['] religious sincerity," Dkt. 59, p. 41, not that DEA is unconstitutionally structured. Thus, that claim "relate[s] to the subject of" the administrative process at issue and to "how that power was wielded," not to DEA's "power generally." *Axon Enterprise*, Slip op. at 10. Plaintiffs' contention that DEA lacked the expertise to evaluate Soul Quest's sincerity likewise concerns the merits of DEA's decision, rather than DEA's power to consider Soul Quest's exemption request. Accordingly, this case is like *Elgin v. Department of Treasury*, 567 U.S. 1 (2012), which *Axon Enterprise* reaffirmed, *see* Slip op. at *7, and which supports applying 21 U.S.C. 877 here as the district court did for the reasons explained in our brief (at 20-21).

    Sincerely,

    Mark B. Stern
     (202) 514-5089

    s/<u>Lowell V. Sturgill Jr.</u>
    Lowell V. Sturgill Jr.
     (202) 514-3427
     *Attorneys, Civil Division*
     *Appellate Staff, Room 7527*
     *U.S. Department of Justice*
     *950 Pennsylvania Avenue, N.W.*
     *Washington, D.C. 20530*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that the foregoing letter complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(e)(1)(E) and the type-volume limitations of Federal Rules of Appellate Procedure 27(e)(2) and 28(j). The letter contains 349 words as calculated by Microsoft Word, and has been prepared in a proportionally spaced typeface using Garamond 14-point type.

s/s Lowell V. Sturgill Jr.

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing motion on April 25, 2023, by use of the Court's CM/ECF system. Service will be made on counsel by that system.

s/s Lowell V. Sturgill Jr.